**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GIANNA WHEELER, | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | Civil Action No. 1:20-cv-2735 (CRC) |
| | : | |
| AMERICAN UNIVERSITY, *et al.* | : | |
| | : | |
| *Defendants.* | : | |

**AMERICAN UNIVERSITY, ET AL.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants American University, Jeffrey Brown, Kevin Barrett, Michael Vena, and Joseph Joyner (collectively "the AU Defendants") by counsel, Carr Maloney P.C., and pursuant to the Federal Rules of Civil Procedure, submit this Answer to Plaintiff Gianna Wheeler's Complaint, and state as follows:

## I.   INTRODUCTION

1.     The allegations in paragraph 1 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 1 are denied.

2.     Other than the physical description of Plaintiff and the allegation that Plaintiff's door was locked, both of which the AU Defendants admit, the AU Defendants are without sufficient information to admit or deny the allegations in paragraph 2 and, therefore, deny same.

3.     The AU Defendants admit only that American University Police Department officers had lawful access to the apartment and lawfully entered the apartment.  The remaining allegations in paragraph 3 are denied.

4.     The AU Defendants admit only that an American University Police Department Captain and Lieutenant were present for the alleged incident.   The remaining allegations in paragraph 4 are denied.

5.     The AU Defendants admit only that American University Police Department officers had lawful access to the apartment and that they lawfully entered the apartment.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 5 and, therefore, deny same.

6.     In response to the allegations in paragraph 6 of the Complaint, the AU Defendants deny that the officers telephoned Defendant Brown as alleged.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 6 and, therefore, deny same.

7.     In response to the allegations in paragraph 7 of the Complaint, the AU Defendants deny the conversation with Defendant Brown as alleged.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 7 and, therefore, deny same.

8.     The AU Defendants admit only that Plaintiff walked into a lab approximately seven hours earlier and that there was an encounter between Plaintiff and another American University student during which the other student felt threatened.   The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 8 and, therefore, deny same.

9.     Defendants admit that the only allegation of physical contact with Plaintiff was a touching of the shoulder and that this, along with threatening conduct by Plaintiff, constituted an assault.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 9 and, therefore, deny same.

10.     The allegations in paragraph 10 consist of Plaintiff's litigation positions to which no response is required.  Defendants admit that Plaintiff did not want to go to the hospital but can neither admit nor deny the remaining allegations in paragraph 10 and, therefore, deny same.

11.     The AU Defendants admit only that they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was likely to injure herself or others if not immediately detained. The AU Defendants further admit that the officers allowed a representative from AU into Plaintiff's room.  The remaining allegations in paragraph 11 consist of Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the remaining allegations in paragraph 11 are denied.

12.     The AU Defendants admit only that Director of Resident Life Lisa Freeman lawfully entered the apartment and lawfully communicated to Plaintiff that she should be evaluated at a psychiatric facility and that Plaintiff refused.  The remaining allegations in paragraph 12 are denied.

13.     The allegations in paragraph 13 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, Defendants can neither admit nor deny the remaining allegations in paragraph 10 and, therefore, deny same.

14.     The allegations in paragraph 14 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, the AU

Defendants admit only that the AUPD officers were male and that Plaintiff is a black woman, but can neither admit nor deny the remaining allegations in paragraph 14 and, therefore, deny same.

15.     The AU Defendants admit only that American University Police Department officers had lawful access and lawfully entered the apartment.  The AU Defendants further admit that AUPD Officer Joseph Joyner was present for some of the alleged incident but left at approximately 7:50 pm and did not return; therefore, as most of the events in the Complaint occurred after he left, Officer Joyner has no personal knowledge of these events.[1]  The remaining allegations in paragraph 15 consist of Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, Defendants can neither admit nor deny the remaining allegations in paragraph 15 and, therefore, deny same.

16.     The AU Defendants admit only that EMTs came to the apartment.  Paragraph 16 cites to and characterizes documents that are not attached to the Complaint.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 16 and, therefore, deny same.

17.     The AU Defendants admit only that Defendant Brown did not speak to or observe Plaintiff on September 26, 2019 and deny the allegation regarding the call to Defendant Brown.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 17 and, therefore, deny same.

18.     The AU Defendants admit only that American University Police Department officers lawfully handcuffed Plaintiff for her and their safety to escort Plaintiff from the apartment.  The AU Defendants further admit that the officers placed a blanket around Plaintiff because she removed some of her clothing in the apartment.  Paragraph 18 also contains allegations about

---

[1] This response applies to all allegations against AUPD Officer Joyner and will not be repeated throughout the Complaint in response to each allegation.

videos that are not attached to the Complaint.  The AU Defendants deny the reference to "Brown's precise instructions" and the phone call itself.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 18 and, therefore, deny same.

19.    The AU Defendants admit only that American University Police Department officers transported Plaintiff to Washington Hospital Center and, upon information and belief, Plaintiff remained there for six days.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 19 and, therefore, deny same.

20.    The AU Defendants admit only that Plaintiff was lawfully placed on interim suspension because she allegedly assaulted another student. American University lawfully requested that Plaintiff see Dr. Michael Hendricks for an evaluation.  The remaining allegations in paragraph 20 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the remaining allegations in paragraph 20 are denied.

21.    The AU Defendants admit only that Plaintiff attended a disciplinary hearing in October 2019, at which time she was found "not responsible."  The remaining allegations in paragraph 21 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, Defendants can neither admit nor deny the remaining allegations in paragraph 21 and, therefore, deny same.

22.    The allegations in paragraph 22 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, Defendants can neither admit nor deny the remaining allegations in paragraph 22 and, therefore, deny same.

23.     The AU Defendants only admit that Plaintiff is currently enrolled at American University as a full-time student.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 23 and, therefore, deny same.

24.     The allegations in paragraph 24 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 24 are denied.

25.     The allegations in paragraph 25 consist of Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations in paragraph 25 are denied.

26.     The AU Defendants admit only that they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was likely to injure herself or others if not immediately detained. The remaining allegations in paragraph 26 consist of Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations in paragraph 26 are denied.

27.     The allegations in paragraph 27 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 27 are denied.

28.     The allegations in paragraph 28 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations in paragraph 28 are denied.

29.     Paragraph 29 purports to characterize a document that is not attached to the Complaint.  The AU Defendants admit only that the officers on the American University Police Department are "special police officers" and are not part of the MPD.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 29 and, therefore, deny same.

30.     The allegations in paragraph 30 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations in paragraph 30 are denied.

31.     The allegations in paragraph 31 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations in paragraph 31 are denied.

## II.     JURISDICTION AND VENUE

32.     The allegations in paragraph 32 consist of legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 32 are denied.

33.     The allegations in paragraph 33 consist of legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 33 are denied.

34.     The allegations in paragraph 34 consist of legal conclusions to which no response is required.  To the extent that a response is required, the AU Defendants admit only that they were employed in the District of Columbia and that the events on September 26, 2019 occurred in the

District of Columbia.  The AU Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 34 and, therefore, deny same.

III.    **THE PARTIES**

35.    Admitted.

36.    Denied.

37.    In response to the allegations in paragraph 37, the AU Defendants admit that the AUPD Officers are University employees who are licensed as Special Police Officers.  These officers wear a uniform but do not carry firearms.

38.    The AU Defendants admit only that the AUPD Officers are employees in response to the allegations in paragraph 38.  The AU Defendants additionally state that the allegations in paragraph 38 consist of legal conclusions and Plaintiff's litigation positions to which no response is required. To the extent that a response is required, the allegations in paragraph 38 are denied.

39.    The AU Defendants admit only that Jeffrey Brown is the Dean of Students at American University.  The remaining allegations in paragraph 39 consist of Plaintiff's litigation positions and legal conclusions to which no response is required.  To the extent that a response is required, the allegations in paragraph 39 are denied.

40.    Admitted.

41.    Admitted.

42.    Denied.

43.    The AU Defendants are without sufficient information to admit or deny the allegations in paragraph 43 and, therefore, deny same.

44.    The AU Defendants are without sufficient information to admit or deny the allegations in paragraph 44 and, therefore, deny same.

45.     The AU Defendants are without sufficient information to admit or deny the allegations in paragraph 45 and, therefore, deny same.

46.     The AU Defendants are without sufficient information to admit or deny the allegations in paragraph 46 and, therefore, deny same.

47.     The AU Defendants admit that Plaintiff, a black female and is currently enrolled as a full-time undergraduate student at American University.  The AU Defendants are without sufficient information to admit or deny the allegations in paragraph 47 and, therefore, deny same.

## IV.     THREE INTERRELATED FACTORS UNDERLYING THE VIOLATION OF MS. WHEELER'S RIGHTS

48.     The AU Defendants admit only that that they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was likely to injure herself or others if not immediately detained. The remaining allegations in paragraph 48 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the remaining allegations in paragraph 48 are denied.

### A.     The Danger Police Encounters Pose to Black, Female Citizens and AU's Continuing Problems with Race Relations

49.     The allegations in paragraph 49 are not directed at the AU Defendants, therefore, no response is required.  To the extent a response is required, Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 49 and, therefore, deny same.

50.     Paragraph 50 purports to characterize a document that is not attached to the Complaint. The AU Defendants are without sufficient information to admit or deny the allegations in paragraph 50. To the extent a response is required, the allegations in paragraph 50 are denied.

51.     The allegations in paragraph 51 consist of Plaintiff's litigation positions and does not contain allegations directed at the AU Defendants, therefore, no response is required. To the extent a response is required, the allegations are denied.

52.     The allegations in paragraph 52 consist of Plaintiff's litigation positions and does not contain allegations directed at the AU Defendants, therefore, no response is required. To the extent a response is required, the allegations are denied.

53.     The allegations in paragraph 53 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants, therefore, no response is required. To the extent a response is required, the AU Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 53 and, therefore, deny same.

54.     The allegations in paragraph 54 consist of Plaintiff's litigation positions, characterizes documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants, therefore, no response is required. To the extent a response is required, the AU Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 54 and, therefore, deny same.

55.     The allegations in paragraph 55 (i-iv) consist of legal conclusions, Plaintiff's litigation positions, and video and documents not attached to the Complaint to which no response is required. To the extent that a response is required, the allegations in paragraph 55 (i-iv) do not relate to the allegations in Plaintiff's Complaint and the AU Defendants are without sufficient

information to admit or deny the characterizations of the events reflected therein and, therefore, deny same.

56.     The AU Defendants admit only that American University Police Department officers had lawful access to the apartment and lawfully entered the apartment.   The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 56 and, therefore, deny same.

### B.     The Danger Police Encounters Pose to People Struggling with Mental Health Disabilities and AU's Mistreatment of Its Students with Mental Health Disabilities

57.     The allegations in paragraph 57 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants, therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 57, and, therefore, deny same.

58.     The allegations in paragraph 58 consist of Plaintiff's litigation positions, characterize a document that is not attached to the Complaint, and does not contain allegations directed at the AU Defendants; therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 58, and, therefore, deny same.

59.     The allegations in paragraph 59 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants; therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 59, and, therefore, deny same.

60.     The allegations in paragraph 60 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants; therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 60, and, therefore, deny same.

61.     The allegations in paragraph 61 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants; therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 61, and, therefore, deny same.

62.     The allegations in paragraph 62 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants; therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 62, and, therefore, deny same.

63.     The allegations in paragraph 63 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants; therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 63, and, therefore, deny same.

64.     The allegations in paragraph 64 consist of Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain allegations directed at the AU Defendants; therefore, no response is required.  To the extent a response is

required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 64, and, therefore, deny same.

65.    The AU Defendants admit only that the articles cited in paragraph 65 of Plaintiff's Complaint were written, but do not admit to the characterizations of same.  The remaining allegations in paragraph 65 (i-iii) consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations in paragraph 65 (i-iii) do not relate to the allegations in Plaintiff's Complaint and the AU Defendants are without sufficient information to admit or deny the characterizations of the events reflected therein and, therefore, deny same.

66.    The AU Defendants admit only that that they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was likely to injure herself or others if not immediately detained. The American University Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 66 and, therefore, deny same.

   C.    **The Danger Posed by "Special Police" and the Lack of Accountability for Special Police**

67.    The allegations in paragraph 67 consist of Plaintiff's litigation positions, characterize a document that is not attached to the Complaint, and does not contain allegations directed at the AU Defendants, therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 67, and, therefore, deny same.

68.     The allegations in paragraph 68 consist of legal conclusions, Plaintiff's litigation positions, characterize a document that is not attached to the Complaint, and does not contain any allegations directed at the AU Defendants, therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 68, and, therefore, deny same.

69.     The allegations in paragraph 69 consist of legal conclusions, Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain any allegations directed at the AU Defendants, therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 69, and, therefore, deny same.

70.     The allegations in paragraph 70 consist of legal conclusions, Plaintiff's litigation positions, characterize a document that is not attached to the Complaint, and does not contain any allegations directed at the AU Defendants, therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 70, and, therefore, deny same.

71.     The allegations in paragraph 71 consist of legal conclusions, Plaintiff's litigation positions, characterize documents that are not attached to the Complaint, and does not contain any allegations directed at the AU Defendants, therefore, no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 71, and, therefore, deny same.

72.     The allegations in paragraph 72 consist of legal conclusions, a partial reference to municipal regulations, and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations are denied.

14

73.     The AU Defendants admit only that American University includes the American University Police Department.  The remaining allegations are denied.

74.     The allegations in paragraph 74 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations are denied.

75.     The allegations in paragraph 75 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the allegations are denied.

## V.     GIANNA WHEELER

### A.     The Path to American University

76.     The AU Defendants admit only that Plaintiff is enrolled as a full-time undergraduate black student at American University and is on scholarship.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 76 and, therefore, deny same.

77.     The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 77 and, therefore, deny same.

78.     The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 78 and, therefore, deny same.

79.     The AU Defendants admit only that Plaintiff is enrolled as a full-time undergraduate student at American University and is on scholarship.  The AU Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 79 and, therefore, deny same.

80.     The AU Defendants are without sufficient information to admit or deny the allegations in paragraph 80 and, therefore, deny same.

**B.      Ms. Wheeler's American University Experience**

81.     The AU Defendants admit only that Plaintiff began coursework at American University in the fall of 2017 and that she initially lived in American University on-campus housing.  The remaining allegations in paragraph 81 consist of Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 81 are denied.

82.     The allegations in paragraph 82 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 82 and, therefore, deny same.

83.     The AU Defendants admit only that Plaintiff had an appointment scheduled with Defendant Brown.  The AU Defendants deny that the meeting was canceled in favor of a white student.  The remaining allegations in paragraph 83 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent that a response is required, the, the AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 83 and, therefore, deny same.

84.     The AU Defendants admit only that Plaintiff claimed to a professor that she had a panic attack before an examination, that Plaintiff left the examination, that the professor denied Plaintiff's request to re-take the examination, and that American University professors lawfully have discretion to permit students to re-take examinations.  The remaining allegations in paragraph 84 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.

To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 84 and, therefore, deny same.

85.     The allegations in paragraph 85 characterize documents not attached to the Complaint.  The AU Defendants lack sufficient information to admit or deny the allegations in paragraph 85 and, therefore, deny same.

86.     The AU Defendants admit only that on February 10, 2019, members of the American University Police Department responded to Plaintiff's dorm room in response to a report of an unwanted guest in Plaintiff's room.  The remaining allegations consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 86 are denied.

87.     The allegations in paragraph 87 consist of Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the AU Defendants admit only that there were five open Title IX complaints in March 2019.  The AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 87 and, therefore, deny same.

88.     The AU Defendants admit only that if the meeting to which Plaintiff refers in paragraph 88 occurred in April 2019, Defendant Barrett attended the meeting.  The AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 88 and, therefore, deny same.

89.     In response to the allegations in paragraph 89, the AU Defendants admit only that Plaintiff lived at the privately-owned Frequency Apartments at the time of the incident that is the subject of Plaintiff's Complaint and that the apartments contained a mix of AU students and non-AU students.  The AU Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 89 and, therefore, deny same.

## VI.    THE EVENTS OF SEPTEMBER 26, 2019

90.    In response to the allegations in paragraph 90, the AU Defendants admit only that American University Police Department officers had lawful access to the apartment, lawfully entered the apartment, and had a good faith belief that Plaintiff was a danger to herself or others. The remaining allegations in paragraph 90 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 90 are denied.

### A.    Hurst Hall

91.    The AU Defendants admit only that Plaintiff went to a lab in Hurst Hall on September 26, 2019 The AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 91 and, therefore, deny same.

92.    Defendants admit that an American University student reported that Plaintiff touched her shoulder and that this, along with threatening conduct by Plaintiff, constituted an assault.  The AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 92 and, therefore, deny same.

93.    The AU Defendants admit that on September 26, 2019, a parent of an American University student contacted the American University Police Department to report an assault involving Plaintiff against her daughter.  Defendants also admit that the student's mother was not present at the time of the assault and further admit that the student also spoke with the AUPD on that date.  The remaining allegations in paragraph 93 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 93 are denied.

94.     The AU Defendants admit only that the student was not sure about pressing criminal charges against Plaintiff and ultimately did not do so.  The remaining allegations in paragraph 94 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 94 and, therefore, deny same.

95.     The AU Defendants admit only that on September 26, 2019, American University Professor Karen Knee sent an email to American University administrators to report a verbal interaction between her and Plaintiff.  The email was not attached to the Complaint.  The AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 95 and, therefore, deny same.

96.     The AU Defendants admit only that Professor Knee reported her interaction with Plaintiff in a September 26, 2019 email to American University administrators.  The remaining allegations in paragraph 96 consist of Plaintiff's litigation positions and characterize a document that is not attached to the Complaint to which no response is required.  To the extent a response is required, the AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 96 and, therefore, deny same.

97.     The AU Defendants admit only that Professor Knee reported her interaction with Plaintiff in a September 26, 2019 email to American University administrators.  The remaining allegations in paragraph 97 consist of Plaintiff's litigation positions and characterize a document that is not attached to the Complaint to which no response is required.  To the extent a response is required, the AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 97 and, therefore, deny same.

98.     The AU Defendants admit only that Professor Knee reported her interaction with Plaintiff in a September 26, 2019 email to American University administrators.  The remaining allegations in paragraph 98 consist of Plaintiff's litigation positions and characterize a document that is not attached to the Complaint to which no response is required.  To the extent a response is required, the AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 98 and, therefore, deny same.

   **B.**  **AU's Administrative Decisions**

99.     The AU Defendants admit only that on September 26, 2019, they placed Plaintiff on interim suspension before making contact with her.  The remaining allegations in paragraph 99 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 99 are denied.

100.     The AU Defendants admit only that they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was likely to injure herself or others if not immediately detained.  The AU Defendants further admit that a meeting took place involving the identified American University administrators.  The remaining allegations in paragraph 100 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 100 are denied.

101.     The AU Defendants admit only that they decided to place Plaintiff on interim suspension before interviewing or observing her after the incident.  The remaining allegations in

paragraph 101 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 101 are denied.

102.    Denied.

103.    The allegations in paragraph 103 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 103 are denied.

104.    The AU Defendants admit only that they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was likely to injure herself or others if not immediately detained.  The remaining allegations in paragraph 104 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 104 are denied.

105.    The allegations in paragraph 105 consist of legal conclusions, hypotheticals, and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 105 are denied.

106.    The AU Defendants admit only that they unsuccessfully attempted to contact Plaintiff by phone to notify her that she was placed on interim suspension because she engaged in threatening conduct against another AU student that constituted an assault against that student. The remaining allegations in paragraph 106 consist of legal conclusions and Plaintiff's litigation

positions to which no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 106 and, therefore, deny same.

107.    The allegations in paragraph 107 characterize a document that is not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 107 and, therefore, deny same.

108.    The AU Defendants admit only that on September 26, 2019, Dean Brown emailed Plaintiff via "Advocate" at 9:20 p.m. notifying her of an interim suspension.  The remaining allegations in paragraph 108 characterize a document that is not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 108 and, therefore, deny same.

109.    The allegations in paragraph 109 characterize a document that is not attached to the Complaint.  The AU Defendants lack sufficient information to admit or deny the allegations in paragraph 109 and, therefore, to the extent the allegations are inconsistent with the referenced document, deny same.

110.    The allegations in paragraph 110 characterize a document that is not attached to the Complaint.  The AU Defendants lack sufficient information to admit or deny the allegations in paragraph 110 and, therefore, to the extent the allegations are inconsistent with the referenced document, deny same.

C.    **Unlawful Warrantless Entry**

111.    Denied.

112.    The AU Defendants only admit that American University Police Department Officers Barrett, Vena, and Joyner (white males) sought to meet with Plaintiff in order to: (i) advise

her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  The remaining allegations in paragraph 112 consist of legal conclusions, Plaintiff's litigation positions, or are directed at co-Defendants to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 112 are denied.

113.    The AU Defendants admit only that American University does not own the Frequency Apartments, but rather leases units in the apartments to AU students.  The remaining allegations in paragraph 113 consist of legal conclusions, Plaintiff's litigation positions, and characterize a document that is not attached to the Complaint to which no response is required.  To the extent a response is required, the AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 113 and, therefore, deny same.

114.    The allegations in paragraph 114 characterize a document that is not attached to the Complaint.  The allegations in paragraph 114 also consist of legal conclusions and Plaintiff's litigation positions, to which no response is required.  To the extent a response is required, the AU Defendants deny the allegations in paragraph 114.

115.    The AU Defendants admit only that American University Police Department officers obtained lawful access to Plaintiff's apartment and entered the apartment, as they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was a danger to herself or others.  The AU

Defendants further admit that Captain Barrett unlocked Plaintiff's door and entered the apartment with another AUPD officer.  The AU Defendants deny that they did not have a good faith belief that Plaintiff was a danger to herself or others.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 115 and, therefore, deny same.

116.    The AU Defendants admit only that American University Police Department officers obtained lawful access to Plaintiff's apartment and entered the apartment as they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was a danger to herself or others.  The AU Defendants further admit that approximately seven hours had passed since the incident in Hurst Hall and that the only contact with the other AU student was Plaintiff's hand on her shoulder and threatening behavior.  The remaining allegations in paragraph 116 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 116 are denied.

117.    The AU Defendants admit only that American University Police Department officers obtained lawful access to Plaintiff's apartment and entered the apartment as they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was a danger to herself or others.  The

remaining allegations in paragraph 117 consist of Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 117 are denied.

118.    The allegations in paragraph 118 characterize video that is not attached to the Complaint.  The AU Defendants deny that the American University Police officers were wearing body cameras and can neither admit nor deny Plaintiff's characterization of her state of mind or her physical actions and, therefore, deny same.

119.    In response to the allegations in paragraph 119, the AU Defendants deny that Defendant Barrett called Defendant Brown as alleged.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 119 and, therefore, deny same.

120.    The AU Defendants deny that Plaintiff had a "calm reaction."  The remaining allegations in paragraph 120 consist of Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 120 are denied.

121.    The AU Defendants admit only that they encouraged Plaintiff to voluntarily agree to in-patient psychiatric care, which she refused.  The AU Defendants deny that Plaintiff was not in any way threatening or aggressive toward the officers.  The remaining allegations in paragraph 121 consist of legal conclusions and Plaintiff's litigation positions, to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 121 are denied.

**D.    Unlawful Continued Presence in Ms. Wheeler's Home**

122.    The allegations in paragraph 122 are denied.

123.    The AU Defendants admit only that American University Police Department officers had lawful access to the apartment and lawfully entered the apartment as they sought to

meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was a danger to herself or others.  The AUPD officers encouraged Plaintiff to voluntarily agree to in-patient psychiatric care, which she refused.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 123 and, therefore, deny same.

124.    In response to the allegations in paragraph 124, the AU Defendants deny the phone calls with Defendant Brown as alleged.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 124 and, therefore, deny same.

125.    The AU Defendants admit only that American University Police Department officers had lawful access to the apartment and lawfully entered the apartment as they sought to meet with Plaintiff in order to: (i) advise her that she was on interim suspension; and (ii) conduct a welfare check of Plaintiff because of: (a) a report of an alleged assault by Plaintiff against another AU student; and (b) information obtained from Professor Knee.  Based on what AUPD observed and their knowledge of Plaintiff's prior interaction with the AUPD and others at the University, the AU Defendants had a good faith belief that Plaintiff was a danger to herself or others.  The AUPD officers encouraged Plaintiff to voluntarily agree to in-patient psychiatric care, which she refused.  The AU Defendants further admit that the encounter lasted approximately three hours. The remaining allegations in paragraph 125 consist of legal conclusions and Plaintiff's litigation positions, to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 125 are denied.

126.     The allegations in paragraph 126 characterize a document that is not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 126 and, therefore, deny same.

127.     The allegations in paragraph 127 characterize a document and videos that are not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 127 and, therefore, deny same.

128.     The allegations in paragraph 128 characterize a document that is not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 128 and, therefore, deny same.

129.     The allegations in paragraph 129 characterize a document that is not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 129 and, therefore, deny same.

130.     The allegations in paragraph 130 characterize a document and videos that are not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 130 and, therefore, deny same.

131.      The allegations in paragraph 130 characterize a video that is not attached to the Complaint.  The AU Defendants are lack sufficient knowledge to admit or deny the allegations in paragraph 131 and, therefore, deny same.

132.     The allegations in paragraph 132 characterizes documents that are not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 132 and, therefore, deny same.

133.    The allegations in paragraph 133 characterizes documents that are not attached to the Complaint.  The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 133 and, therefore, deny same.

134.    The AU Defendants deny that Defendant Barrett and the AUPD officers had no reasonable belief that Plaintiff was a danger to herself or others.  The AU Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 134 and, therefore, deny same.

135.    The AU Defendants admit only that once the EMTs left the apartment, the AUPD and MPD officers remained.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 135 and, therefore, deny same.

**E.    Unlawful Arrest**

136.    The AU Defendants admit only that Plaintiff was loud, cursing, and that she disrobed.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 136 and, therefore, deny same.

137.    The allegations in paragraph 137 consist of Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 137 are denied.

138.    The allegations in paragraph 138 consist of legal conclusions about what the AUPD officers should have done, to which no response is required.  To the extent a response is required, the allegations in paragraph 138 are denied.

139.    The AU Defendants admit only that AUPD officers restrained Plaintiff for her and their safety and placed a blanket around her. The allegations in paragraph 139 characterize a video that is not attached to the Complaint.  Furthermore, some of the allegations in paragraph 139 relate

to the co-Defendants, to which no response is required.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 139 and, therefore, deny same.

140.    The AU Defendants admit only that at approximately 10:15 pm, AUPD officers carried Plaintiff to an AUPD vehicle and drove her to Washington Hospital Center.


**F.      Forced Hospitalization at an In-Patient Psychiatric Facility**

141.    The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 141 and, therefore, deny same.

142.    The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 142 and, therefore, deny same.

143.    The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 143 and, therefore, deny same.

144.    The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 144 and, therefore, deny same.

145.    The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 145 and, therefore, deny same.

**G.      Post-Incident Response**

146.    The AU Defendants substantially admit the allegations in paragraph 146.

147.    The AU Defendants admit only that there was a disciplinary hearing on October 28, 2019 and that the location was moved due to security concerns.  The remaining allegations in paragraph 147 consist of Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the remaining allegations in paragraph 147 are denied.

148. The AU Defendants admit only that they followed University protocol in conducting the October 28, 2019 disciplinary hearing. The remaining allegations in paragraph 148 consist of legal conclusions and Plaintiff's litigation positions to which no response is required. To the extent a response is required, the remaining allegations in paragraph 148 are denied.

149. The AU Defendants admit only that Plaintiff was found "not responsible." The remaining allegations in paragraph 149 consist of legal conclusions and Plaintiff's litigation positions to which no response is required. To the extent a response is required, the remaining allegations in paragraph 149 are denied.

150. The allegations in paragraph 150 characterize a document that is not attached to the Complaint. The AU Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 150 and, therefore, deny same.

151. The AU Defendants admit only that they followed University protocol in conducting the October 28, 2019 disciplinary hearing and in follow-up to that hearing. The allegations in paragraph 151 characterize a document that is not attached to the Complaint. The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 151 and, therefore, deny same.

## VII.   AU RESPONSE TO OTHER ALLEGED STUDENT MISCONDUCT

152. The AU Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 152 and, therefore, deny same.

153. The allegations in paragraph 153 consist of legal conclusions and Plaintiff's litigation positions to which no response is required. To the extent a response is required, the allegations are substantially admitted and further the AU Defendants state that disciplinary protocols were followed with respect to Plaintiff.

154.    The allegations in paragraph 154 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the AU Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 154 and, therefore, deny same.

155.    The allegations in paragraph 155 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, The AU Defendants are without sufficient knowledge to admit or deny the allegations in paragraph 155 and, therefore, deny same.

156.    The allegations in paragraph 156 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 156 are denied.

## COUNT I:  VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT – 42 U.S.C. § 12101 ET SEQ. – AGAINST AU

157.    The AU Defendants incorporate their responses to Paragraphs 1-156 of the Complaint as if fully recited.

158.    The allegations in Paragraph 158 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 158 are denied.

159.    The allegations in Paragraph 159 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 159 are denied.

160.    The allegations in Paragraph 160 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 160 are denied.

161.    The allegations in Paragraph 161 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 161 are denied.

162.     The allegations in Paragraph 162 consist of legal conclusions to which no response is required.  To the extent the allegations are factual in nature and a response is required, the allegations in paragraph 162 are denied.

163.     The allegations in Paragraph 163 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 163 are denied.

164.     The allegations in Paragraph 164 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 164 are denied.

165.     The allegations in Paragraph 165 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 165 are denied.

166.     The allegations in Paragraph 166 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 166 are denied.

167.     The allegations in Paragraph 167 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 167 are denied.

168.     The allegations in paragraph 168 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 168 are denied.

169.     The allegations in paragraph 169 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 169 are denied.

170.     The allegations in paragraph 170 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 170 are denied.

171.    The allegations in paragraph 171 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 171 are denied.

172.    The allegations in paragraph 172 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 172 are denied.

173.    The allegations in paragraph 173 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 173 are denied.

174.    The allegations in paragraph 174 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 174 are denied.

### COUNT II:  VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973 – 29 U.S.C. § 794 ET SEQ. – AGAINST AU

175.    The AU Defendants incorporate their responses to Paragraphs 1-174 of the Complaint as if fully recited.

176.    The allegations in Paragraph 176 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 176 are denied.

177.    The allegations in Paragraph 177 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 177 are denied.

178.    The allegations in Paragraph 178 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 178 are denied.

179.    The allegations in Paragraph 179 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 179 are denied.

180.   The allegations in paragraph 180 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent the allegations are factual in nature and a response is required, the allegations in paragraph 180 are denied.

181.   The allegations in paragraph 181 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 181 are denied.

182.   The allegations in paragraph 182 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 182 are denied.

183.   The allegations in paragraph 183 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 183 are denied.

184.   The allegations in paragraph 184 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 184 are denied.

185.   The allegations in paragraph 185 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 185 are denied.

186.   The allegations in paragraph 186 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 186 are denied.

187.    The allegations in paragraph 187 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 187 are denied.

188.    The allegations in paragraph 188 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 188 are denied.

189.    The allegations in paragraph 189 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 189 are denied.

190.    The allegations in paragraph 190 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 190 are denied.

191.    The allegations in paragraph 191 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 191 are denied.

192.    The allegations in paragraph 192 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 192 are denied.

### COUNT III:  VIOLATIONS OF D.C. HUMAN RIGHTS ACT –
### D.C. CODE § 2-1401.01 ET SEQ. – AGAINST AU

193.    The AU Defendants incorporate their responses to Paragraphs 1-192 of the Complaint as if fully recited.

194.    The allegations in Paragraph 194 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 194 are denied.

195.    The allegations in Paragraph 195 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 195 are denied.

196.    The allegations in Paragraph 196 consist of legal conclusions to which no response is required.  To the extent the allegations are factual in nature and a response is required, the allegations in paragraph 196 are denied.

197.    The allegations in Paragraph 197 consist of legal conclusions to which no response is required.  To the extent the allegations are factual in nature and a response is required, the allegations in paragraph 197 are denied.

198.    The allegations in paragraph 198 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent the allegations are factual in nature and a response is required, the allegations in paragraph 198 are denied.

199.    The allegations in paragraph 199 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 199 are denied.

200.    The allegations in paragraph 200 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 200 are denied.

201.    The allegations in paragraph 201 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 201 are denied.

### COUNT IV:  VIOLATION OF THE FOURTH AMENDMENT – UNLAWFUL ENTRY – AGAINST ALL DEFENDANTS

202.    The AU Defendants incorporate their responses to Paragraphs 1-201 of the Complaint as if fully recited.

36

203.    The allegations in Paragraph 203 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 203 are denied.

204.    The allegations in Paragraph 204 consist of legal conclusions to which no response is required.

205.    The allegations in Paragraph 205 are not directed at the AU Defendants, therefore, no response is required.

206.    The allegations in Paragraph 206 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 206 are denied.

207.    The allegations in Paragraph 207 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 207 are denied.

208.    The allegations in paragraph 208 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and in response to the allegations directed at the AU Defendants only, the allegations in paragraph 208 are denied.

209.    The allegations in paragraph 209 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and in response to the allegations directed at the AU Defendants only, the allegations in paragraph 209 are denied.

210.    The allegations in paragraph 210 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 210 are denied.

211.     The allegations in paragraph 211 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 211 are denied.

212.     The allegations in paragraph 212 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 212 are denied.

213.     The allegations in paragraph 213 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 213 are denied.

### COUNT V:  VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEIZURE – AGAINST ALL DEFENDANTS

214.     The AU Defendants incorporate their responses to Paragraphs 1-213 of the Complaint as if fully recited.

215.     The allegations in Paragraph 215 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 215 are denied.

216.     The allegations in Paragraph 216 consist of legal conclusions to which no response is required.

217.     The allegations in Paragraph 217 are not directed at the AU Defendants, therefore, no response is required.

218.     The allegations in Paragraph 218 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 218 are denied.

219.     The allegations in Paragraph 219 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 219 are denied.

220.    The allegations in Paragraph 220 consist of legal conclusions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 220 are denied.

221.    The allegations in paragraph 221 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent the allegations are factual in nature, and only in response to the allegations directed at the AU Defendants, the AU Defendants lack sufficient knowledge to admit or deny the allegations and, therefore, deny same.

222.    The allegations in paragraph 222 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  The allegations are also directed at the MPD officers and, as such, no response is required.  To the extent a response is required, the allegations in paragraph 222 are denied.

223.    The allegations in paragraph 223 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent the allegations are factual in nature, the AU Defendants deny the "multiple phone calls" to Defendant Brown as alleged.  The AU Defendants lack sufficient knowledge to admit or deny the remaining allegations and, therefore, deny same.

224.    The allegations in paragraph 224 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 224 are denied.

225.    The allegations in paragraph 225 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to the allegations directed to the AU Defendants, the allegations in paragraph 225 are denied.

226.    The allegations in paragraph 226 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to the allegations directed to the AU Defendants, the allegations in paragraph 226.

227.    The allegations in paragraph 227 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 227 are denied.

228.    The allegations in paragraph 228 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 228 are denied.

### COUNT VI:  VIOLATION OF THE FOURTH AMENDMENT – FALSE ARREST – AGAINST ALL DEFENDANTS

229.    The AU Defendants incorporate their responses to Paragraphs 1-228 of the Complaint as if fully recited.

230.    The allegations in Paragraph 230 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 230 are denied.

231.    The allegations in Paragraph 231 consist of legal conclusions to which no response is required.

232.    The allegations in Paragraph 232 are not directed at the AU Defendants, therefore, no response is required.

233.    The allegations in Paragraph 233 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 233 are denied.

234.    The allegations in Paragraph 234 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 234 are denied.

40

235.     The allegations in paragraph 235 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 235 are denied.

236.     The allegations in paragraph 236 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 236 are denied.

237.     The allegations in paragraph 237 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 237 are denied, with the exception that Defendant Brown did not personally observe Ms. Wheeler on September 26, 2019.

238.     The allegations in paragraph 238 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 238 are denied.

## COUNT VII:  FALSE IMPRISONMENT – DISTRICT OF COLUMBIA COMMON LAW – AGAINST ALL DEFENDANTS

239.     The AU Defendants incorporate their responses to Paragraphs 1-238 of the Complaint as if fully recited.

240.     The allegations in Paragraph 240 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 240 are denied.

241.    The allegations in Paragraph 241 consist of legal conclusions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 241 are denied.

242.    The allegations in Paragraph 242 consist of legal conclusions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 242 are denied.

243.    The allegations in paragraph 243 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 243 are denied.

244.    Admitted.

245.    The allegations in paragraph 245 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 245 are denied.

246.    The allegations in paragraph 246 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 246 are denied.

247.    The allegations in paragraph 247 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 247 are denied.

248.    The allegations in paragraph 248 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only

in response to allegations directed at the AU Defendants, the allegations in paragraph 248 are denied.

249.    The allegations in paragraph 249 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 249 are denied.

250.    The allegations in paragraph 250 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 250 are denied.

### COUNT VIII:  ASSAULT – DISTRICT OF COLUMBIA COMMON LAW – AGAINST ALL DEFENDANTS

251.    The AU Defendants incorporate their responses to Paragraphs 1-250 of the Complaint as if fully recited.

252.    The allegations in Paragraph 252 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 252 are denied.

253.    The allegations in paragraph 253 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 253 are denied.

254.    The allegations in paragraph 254 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 254 are denied.

255.    Admitted.

256.    The allegations in paragraph 256 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 256 are denied.

257.    The allegations in paragraph 257 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 257 are denied.

258.    The allegations in paragraph 258 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 258 are denied.

259.    The allegations in paragraph 259 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 259 are denied.

**COUNT IX:  TRESPASS – DISTRICT OF COLUMBIA
COMMON LAW – AGAINST ALL DEFENDANTS**

260.    The AU Defendants incorporate their responses to Paragraphs 1-259 of the Complaint as if fully recited.

261.    The allegations in Paragraph 261 consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations in paragraph 261 are denied.

262.    The allegations in paragraph 262 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, and only in response to allegations directed at the AU Defendants, the allegations in paragraph 262 are denied.

263.    Admitted.

264.     The allegations in paragraph 264 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 264 are denied.

265.     The allegations in paragraph 265 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 265 are denied.

266.     The allegations in paragraph 266 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 266 are denied.

267.     The allegations in paragraph 267 consist of legal conclusions and Plaintiff's litigation positions to which no response is required.  To the extent a response is required, the allegations in paragraph 267 are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against the AU Defendants may be barred by the statute of limitations, depending upon facts learned during discovery.

### THIRD DEFENSE

Plaintiff's claims may be barred by the doctrine(s) of *in pari delicto* and/or equal fault.

### FOURTH DEFENSE

Plaintiff's claims may be barred by the doctrine of waiver and/or estoppel, depending upon the facts learned during discovery.

## FIFTH DEFENSE

Plaintiff failed to exhaust administrative remedies as to some or all of her claims.

## SIXTH DEFENSE

The AU Defendants deny that Plaintiff has been damaged as alleged.

## SEVENTH DEFENSE

Plaintiff failed to mitigate her damages, if any.

## EIGHTH DEFENSE

Plaintiff's claims may be barred under the equitable doctrine of unclean hands.

## NINTH DEFENSE

The AU Defendants acted in accordance with all laws, including the Americans with Disabilities Act 42 U.S.C. § 42-12101 *et seq.*, the Rehabilitation Act of 1973 29 U.S.C. § 794 *et seq.*, and the District of Columbia Human Rights Act § 2-1401-01 *et seq.*

## TENTH DEFENSE

All actions by the AU Defendants stated in the Complaint were for lawful, legitimate, and non-discriminatory reasons.

## ELEVENTH DEFENSE

The AU Defendants deny any and all alleged violations of Plaintiff's civil rights, including any claims of alleged discrimination based on any disability or for any other reason.

## TWELFTH DEFENSE

Plaintiff's damages, if any, are in whole or in part due to the acts or omissions of other individuals or entities for which the AU Defendants cannot be held legally responsible.

**THIRTEENTH DEFENSE**

Any loss or damage allegedly sustained by Plaintiff was caused by the acts or omissions of Plaintiff.

**FOURTEENTH DEFENSE**

Plaintiff unreasonably failed to take advantage of preventative and/or corrective opportunities provided by the AU Defendants or to otherwise avoid harm.

**FIFTEENTH DEFENSE**

The AU Defendants implemented effective policies prohibiting discrimination, had effective procedures in place to address student concerns, and Plaintiff failed to take advantage of these procedures.

**SIXTEENTH DEFENSE**

Plaintiff does not have a disability within the meaning of the Americans with Disabilities Act, the Rehabilitation Act, or any other statute.

**SEVENTEENTH DEFENSE**

Any disability or impairment that Plaintiff may have does not cause a significant limitation on a major life activity, and Plaintiff does not have any substantial limitation, to entitle Plaintiff to relief under Americans with Disabilities Act, the Rehabilitation Act, or any other statute.

**EIGHTEENTH DEFENSE**

The AU Defendants did not deny Plaintiff the benefits of any programs, facilities, privileges, advantages, services, and/or accommodations on the basis any disability to entitle Plaintiff to relief under the Americans with Disabilities Act, the Rehabilitation Act, or any other statute.

**NINETEENTH DEFENSE**

Plaintiff was not, solely by reason of her disability, excluded from the participation in, denied the benefits of, or be subjected to discrimination under any program or activity of the AU Defendants to entitle Plaintiff to relief under the Americans with Disabilities Act, the Rehabilitation Act, or any other statute.

**TWENTIETH DEFENSE**

The AU Defendants did not treat Plaintiff differently from other similarly situated individuals or otherwise discriminate against Plaintiff on the basis of any disability or for any other reason.

**TWENTY-FIRST DEFENSE**

Plaintiff failed to provide sufficient notice to the AU Defendants that she was disabled or otherwise impaired to entitle her to relief under the Americans with Disabilities Act, the Rehabilitation Act, or any other statute.

**TWENTY-SECOND DEFENSE**

Plaintiff failed to timely request accommodations from the AU Defendants for any disability or impairment under the Americans with Disabilities Act, the Rehabilitation Act, or any other statute.

**TWENTY-THIRD DEFENSE**

There is no causal connection between any alleged disability or impairment of Plaintiff and any allegedly discriminatory or unlawful action that the AU Defendants allegedly took against her.

**TWENTY-FOURTH DEFENSE**

The AU Defendants' actions that are the subject of Plaintiff's Complaint were supported by probable cause and did not intrude upon any right to privacy of Plaintiff.

**TWENTY-FIFTH DEFENSE**

The AU Defendants expressly deny any and all allegations in the Complaint not specifically admitted herein.

**TWENTY-SIXTH DEFENSE**

The AU Defendants deny that some or all of the AU Defendants acted under the color of state law.

**TWENTY-SEVENTH DEFENSE**

To the extent that some or all of the AU Defendants acted under the color of state law, they may be entitled to qualified immunity, based on facts learned during discovery.

**TWENTY-EIGHTH DEFENSE**

At all relevant times, the AU Defendants acted with legal authority and/or with justification.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred by consent.

**THIRTIETH DEFENSE**

Plaintiff's claims are barred by privilege.

**THIRTY-FIRST DEFENSE**

Plaintiff's claims are barred by D.C. Code § 21-521.

**THIRTY-SECOND DEFENSE**

At all relevant times, the AU Defendants acted in good faith, reasonably, and without malice.

**THIRTY-THIRD DEFENSE**

Plaintiff is not entitled to punitive damages.

### THIRTY-FOURTH DEFENSE

To the extent not covered by the preceding paragraphs and defenses, the AU Defendants deny

any and all liability and demand strict proof of all allegations in the Complaint.

### THIRTY-FIFTH DEFENSE

The AU Defendants will rely upon all defenses lawfully available to them including, but not

limited to, those already asserted herein, and expressly reserve the right to amend their Answer to add

additional defenses as discovery and investigation may warrant up to and including trial.

WHEREFORE, Defendants American University, Jeffrey Brown, Kevin Barrett, Michael

Vena, and Joseph Joyner respectfully request that Plaintiff's Complaint be dismissed with

prejudice, with costs, attorneys' fees, and interest as provided by law assessed against Plaintiff,

and that Defendants be granted such other and further relief as this honorable Court deems just

and proper.

AMERICAN UNIVERSITY, JEFFREY
BROWN, KEVIN BARRETT, MICHAEL
VENA, AND JOSEPH JOYNER
By Counsel

By:    */s/Paul J. Maloney*
Paul J. Maloney, #362533
Matthew D. Berkowitz, #974170
Brian M. O'Shea, #1600057
Carr Maloney P.C.
2020 K Street, NW, Suite 850
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile)
paul.maloney@carrmaloney.com
mattew.berkowitz@carrmaloney.com
brian.o'shea@carrmaloney.com
*Counsel for Defendants American
University, Jeffrey Brown, Kevin Barrett,
Michael Vena, and Joseph Joyner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January 2021, a true and correct copy of the foregoing was served electronically to the following:

Kaitlin R. Banner
Tristin Brown
Dennis Corkery
Margaret Hart
Hannah Lieberman
Washington Lawyers Committee for
Civil Rights and Urban Affairs
700 14th Street, N.W., Suite 400
Washington, D.C. 20005
*Counsel for Plaintiff*

Robert A. DeBerardinis, Jr.
Senior Assistant Attorney General
District of Columbia Office of the Attorney General
Civil Litigation Division
400 6th Street, N.W.
Washington, D.C. 20001
*Counsel for Defendant Stephen Kinzer*

Deborah Smith
c/o Metropolitan Police Department
300 Indiana Avenue, N.W.
Washington, D.C. 20001
*Defendant*

Richard David
c/o Metropolitan Police Department
300 Indiana Avenue, N.W.
Washington, D.C. 20001
*Defendant*

*/s/Paul J. Maloney*
Paul J. Maloney