UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIANNA WHEELER,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN UNIVERSITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:20-cv-02735-CRC |

**SURREBUTTAL IN FURTHER SUPPORT OF DEFENDANTS RICHARD DAVIS, STEPHEN KINZER, AND DEBORAH SMITH'S MOTION FOR SUMMARY JUDGMENT**

In her Surreply [53] (filed under seal) in opposition to the District Defendants' Motion for Summary Judgment, Plaintiff posits that the collective knowledge doctrine should not be applied to impute the knowledge of the American University Defendants (AU Defendants) to the District Defendants. In so arguing, Plaintiff incorrectly asserts that the District Defendants cannot satisfy the requirements of "vertical" collective knowledge. And, Plaintiff's argument that summary judgment is improper because the AU and District Defendants have "conflicting explanations" for their actions lacks merit.

ARGUMENT

I. **The Collective Knowledge Doctrine is Applicable to the Court's Assessment of the District Defendants' Entitlement to Qualified Immunity.**

The D.C. Circuit has not yet embraced a particular interpretation of the collective knowledge doctrine other than to note "[p]robable cause may be based on the 'collective knowledge of the police.'" *United States v. Burnett*, 827 F.3d 1108, 1114 (D.C. Cir. 2016) (quoting *United States v. Hawkins*, 595 F.2d 751, 752 n.2 (D.C. Cir. 1978)). Recently, however,

a district court has had the opportunity to analyze the various iterations of the collective knowledge doctrine adopted by other circuits. In *United States v. Gorham,* 347 F. Supp. 3d 459 (D.D.C. 2018), the court noted that "[t]he First, Third, and Seventh Circuits have held that information may be aggregated "horizontally" among officers working closely together even absent evidence of a communication or directive [between the officers]" *Id.* at 471 (collecting cases).

Further, "[t]he Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits have also permitted the aggregation of knowledge regardless of whether any information giving rise to probable cause was actually communicated to the officer conducting the stop, search, or arrest, albeit only when the officers are working as a team, as evidenced by *some* communication among agents." *Id.* at 471-72 (internal quotations and citations omitted).

Finally, the court recognized that the Second, Fourth, and Tenth Circuits, apply the collective knowledge doctrine in a "vertical" manner. *Id* at 472. Thus, in those circuits, the doctrine is not applied based on aggregation of knowledge amongst officers but rather an "instructing officer" must have full knowledge of the facts giving rise to probable cause. *Id.* (collecting cases).[1]

Here, Plaintiff urges the Court to adopt a vertical application of the collective knowledge doctrine. Pl.'s Surreply [53] at 2 (filed under seal). Plaintiff, however, fails to explain why a vertical application of the doctrine works to deny the District Defendants summary judgment. Indeed, the District Defendants submit that the circumstances of the case place this case squarely

---

[1] Although the *Gorham* court found the Fourth Circuit's vertical application of the collective knowledge "persuasive", it ultimately did not apply the doctrine to the facts before it, but rather denied a criminal defendant's suppression motion based upon the "unique" circumstances found in *United States v. Ragsdale,* 470 F.2d 24 (5th Cir. 1972), which the court deemed akin to the inevitable discovery doctrine. *Gorham,* 317 F. Supp. 3d at 473-75.

within the ambit of the vertical collective knowledge doctrine. The District Defendants, contrary to Plaintiff's assertions, do not rely upon an aggregation of information possessed by them and the AU officers, concerning Plaintiff's history and the events on the day of the seizure giving rise to probable cause. Rather, AUPD Captain Kevin Barrett, who was the officer on the scene in charge of the effort to take Plaintiff either voluntarily or involuntarily to the hospital, possessed the information. *See* AU Motion [46], Ex. 27 (filed under seal)

It is clear from the "Supplemental Case Report" prepared by Captain Barrett that, before any decision to seize Plaintiff was made, he possessed knowledge of the totality of the circumstances giving rise to probable cause. He was fully aware of Plaintiff's mental health history, her serious threatening encounter with another student that day, and the troubling report of a faculty member that Plaintiff was observed to be in a manic state of mind and, while not expressly stating that she was about to harm herself, was recounting her history of harming herself while in this agitated state. *See* AU Motion [46], Ex. 27 (filed under seal). Given the totality of the information known to Captain Barrett, Plaintiff's assertion that the MPD officers rely upon a "post hoc" aggregation of information possessed by officers lacks any merit. *See United States v. Ramirez* 473 F.3d 1026, 1036-37 (collective knowledge doctrine applied where officer with full knowledge of facts requested assistance of another officer lacking such information).

Upon their arrival to the scene, at AUPD's request, the only information that the MPD officers had concerning Plaintiff was that she was a "mental health consumer." District Defs.' SUMF [32-1] at ¶ 1. Lacking further information, they were privileged to rely upon Captain Barrett's knowledge to provide the necessary probable cause to enter Plaintiff's apartment and ultimately assist the AU officers who made the decision to involuntarily take Plaintiff for a

mental health evaluation. *See Ramirez* 473 F.3d at 1036-37 (collective knowledge doctrine applied where officer with full knowledge of facts requested assistance of another officer lacking such information). It is important to note that Plaintiff does not dispute that it was Captain Barrett who made the decision to remove Plaintiff from her apartment and be taken to a mental health facility for evaluation. *See* Pl.'s Opp'n SUMF [38-2], ¶ 20 (after entering her room the AU officers insisted that Plaintiff go to an impatient psychiatric facility); *Id*. at ¶ 35 (when Officer Kinzer returned to the building he was informed by Captain Barrett that he intended to remove Plaintiff from her apartment).

Curiously, Plaintiff admonishes the District Defendants for seeking to apply the collective knowledge doctrine in circumstances where they "were unaware of most of the information they now seek to rely upon." Pl.'s Surreply [53] at 3 (filed under seal). But the doctrine was developed in recognition that a police officer may act reasonably in relying upon information received by other officers. *E.g. United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001). Thus, Plaintiff's ironic argument that the doctrine should not apply here because the District Defendants lacked information concerning Plaintiff is in essence an untenable argument that eviscerates the very purpose of the doctrine.[2]

Finally, relying on *Kay v. Scientex Corp.*, 719 F.2d 1009 (9th Cir. 1983), Plaintiff submits that that the collective knowledge doctrine is inapplicable here because of the "conflicting" explanations of the AU and MPD officers as to what information gave rise to probable cause. As an initial matter, *Kay*, an insider trading case, involved inconsistent

---

[2] Plaintiff's argument that the collective knowledge doctrine should not be applied here because the information known exclusively to AU Dean Brown cannot be attributed to the AU officers fails, given the knowledge possessed by AUPD Captain Barrett. *See* AU Motion [46], Ex. 27 (filed under seal)

4

explanations by a civil defendant as to how he was trading stock through nominees. *Id*. at 1017. The appeals court held that the conflicting explanations created an issue of fact that precluded the trial court's grant of summary judgment to the defendant.

Here, in contrast to *Kay*, the District Defendants are not offering conflicting reasons for probable cause for Plaintiff's seizure. They rely upon the information known to Captain Barrett before he entered Plaintiff's apartment. Thus, there is no conflicting explanations as to what Captain Barrett knew and, in turn, there is no dispute of fact as to what he knew which could serve to preclude summary judgment. Simply stated, the District Defendants assert that they are entitled to summary judgment, because based upon the knowledge of AUPD Captain Barrett, imputed to them through the collective knowledge doctrine, there was a substantial chance that Plaintiff posed a danger to herself or to others. If the Court agrees with the District Defendants position, this resolves Plaintiff's Fourth Amendment claims against both the MPD and AU Defendants. Should the Court not agree with the District Defendants, the Court would then be required to determine whether the events that transpired within Plaintiff's apartment, when viewed in light of Officer Barrett's knowledge provided a basis for probable cause. Thus, there is no conflict between the arguments advanced by the MPD and AU Defendants that prevent the Court from granting summary judgment.

## CONCLUSION

For the foregoing reasons, along with those stated in their Motion for Summary Judgment and reply, the Court should grant the District Defendants' motion for summary judgment.

Date: June 14, 2021                                  Respectfully submitted,

                                                     KARL A. RACINE
                                                     Attorney General for the District of Columbia

                                                     CHAD COPELAND
                                                     Deputy Attorney General

Civil Litigation Division

*/s/ Alicia M. Cullen*
ALICIA M. CULLEN [1015227]
Chief, Civil Litigation Division, Section III

*/s/ Robert A. DeBerardinis, Jr.*
ROBERT A. DEBERARDINIS, JR. [335796]
Senior Assistant Attorney General
ANDREW S. BODDIE [1724917]
Assistant Attorney General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone:  (202) 724-6642; (202) 805-7493
Fax:  (202)741-8895; (202) 703-1495
Email:  robert.deberardinis@dc.gov; andrew.boddie@dc.gov
*Counsel for Defendants Richard Davis, Stephen Kinzer, and Deborah Smith*