UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GIANNA WHEELER,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN UNIVERSITY, *et. al.*,<br><br>*Defendants*. | Civil Action No. 1:20-cv-02735-CRC |

**DEFENDANTS KINZER, SMITH, AND DAVIS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Stephen Kinzer, Deborah Smith, and Richard Davis (collectively, "MPD Defendants") answer Plaintiff's Amended Complaint as follows.[1]

**FIRST DEFENSE**

Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

In response to the numbered allegations in the Amended Complaint, Defendants respond as follows:

**I.   INTRODUCTION**[2]

1. The MPD Defendants deny that they could not have reasonably believed that

---

[1] The Amended Complaint is replete with allegations as to the conduct of the "Officers," which they reference collectively as including Defendants Kinzer, Smith, and Davis as well as the Special Police Officer Defendants employed by Defendant American University. When responding to allegations regarding "Officers," the MPD Defendants are responding only on behalf of themselves, collectively.

[2] The MPD Defendants utilize the headings appearing in Plaintiff's Amended Complaint for convenience and ease of reference only. Any factual allegations stated in, or implied by, Plaintiff's headings are denied.

Plaintiff was a danger to herself or to others, that they unlocked the door, and that seven officers entered the apartment. The MPD Defendants admit that Plaintiff is a Black female and, at the time, an undergraduate student at AU, and that Officer Smith entered Plaintiff's apartment without a warrant. The MPD Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

    2.    Denied.

    3.    The MPD Defendants admit that Plaintiff was taken from her bed to the floor, handcuffed, and bundled in a blanket; that she was forcibly taken to a hospital; and that she remained at the hospital for six days and was assigned a working diagnosis of "bipolar disorder type 1." The MPD Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

    4,    The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

    5.    Denied.

**II.    JURISDICTION AND VENUE**

    6.    Admitted.

    7.    Admitted.

    8.    Admitted.

**III.    PARTIES**

    9.-15.    Paragraphs 9 – 15 relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

    16.    Admitted.

17. Admitted.

18. Admitted.

19. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

IV. **MS. WHEELER'S BACKGROUND AND EXPERIENCE AT AU**

20.-31. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in paragraphs 21 – 31.

V. **THE EVENTS OF SEPTEMBER 26, 2019**

**A. Ms. Wheeler's Visit to Hurst Hall**

32. The MPD Defendants admit that Plaintiff went to Hurst Hall on September 26, 2019, but lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

33. Admitted.

34. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

35. Denied.

36. The MPD Defendants admit that the mother of the student referenced in this paragraph, who was not present at Hurst Hall, contacted AUPD to report Plaintiff's conduct; and that the student also made a report to AUPD. The MPD Defendants deny the remaining allegations of this paragraph.

37. The MPD Defendants admit that the student referenced in this paragraph did not press charges with MPD concerning her interaction with Plaintiff, and that the student made a

report to AUPD concerning the interaction. The MPD Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

38. The MPD Defendants admit that, at approximately 1:45 p.m., on September 26, 2019, AU Professor Karen Knee sent an email, as indicated in this paragraph; the MPD Defendants refer the Court to the email as the best evidence of its contents and deny any inconsistent allegations or characterizations. The MPD Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

39. Admitted.

**B.    AU's Discriminatory Preliminary Administrative Decisions**

40-46. Paragraphs 40 – 46 relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

**C.    Unlawful Warrantless Entry and Further Discriminatory Actions**

47. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

48. The MPD Defendants deny the allegations in the last sentence of this paragraph and admit the remaining allegations.

49. Admitted.

50. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

51. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

52. Admitted.

53. The MPD Defendants lack sufficient information or knowledge concerning what Plaintiff was doing "with her laptop open," or whether she was wearing only a t-shirt, and admit the remaining allegations of this paragraph.

54. Denied.

55. Denied.

56. Denied.

57. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

58. The MPD Defendants admit that Wheeler remained in her bed and did not stand up, but deny the remaining allegations of this paragraph.

59. The MPD Defendants admit that the AUPD Defendants accused Plaintiff of having assaulted an individual on campus earlier that day, that she denied the allegation, and that she asked what they were talking about. The MPD Defendants lack sufficient information or knowledge to admit or deny the remaining allegations of this paragraph.

60. The MPD Defendants admit that Plaintiff denied the assault accusations, denied needing emergency psychiatric care, and offered to leave the Frequency Apartments to stay with friends elsewhere in the city. The MPD Defendants deny the remaining allegations of this paragraph.

61. The MPD Defendants admit that Officer Smith asked Plaintiff if she had "any intention of harming" herself or others; that Plaintiff responded "No" to both questions; that Officer Smith reported this to Sergeant Davis and Officer Kinzer and said that Plaintiff seemed "of sound mind to say that"; and that Plaintiff repeatedly asked to leave. The MPD Defendants deny the remaining allegations of this paragraph.

62. The MPD Defendants admit that Plaintiff asked the police to leave, and that Plaintiff attempted to use her laptop during the encounter. The MPD Defendants deny the remaining allegations of this paragraph.

63. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

64. The MPD Defendants admit that Plaintiff refused to voluntarily commit to treatment at an in-patient psychiatric facility. The MPD Defendants deny that they did not leave the apartment between approximately 7:00 PM to 10:00 PM and further deny the remaining allegations of this paragraph.

65. The MPD Defendants lack sufficient information or knowledge to admit or deny the first and last sentence of this paragraph, admit that Defendant Kinzer stopped individuals purporting to be Plaintiff's friends from entering, and deny that Defendant Kinzer intended to keep Plaintiff isolated and alone with the AUPD Officers.

66. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

67. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

68. The MPD Defendants admit that Plaintiff disrobed shortly before 9:00 p.m., and admit that the communications described in the last two sentences of this paragraph occurred. The MPD Defendants deny Plaintiffs' characterization of the communications and lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

69. The MPD Defendants admit that the quoted text in this paragraph is an accurate transcription of a portion of a conversation between Defendants Kinzer and Smith, and admit

Defendant Kinzer called the EMTs.  The MPD Defendants deny the remaining allegations of this paragraph.

70. The MPD Defendants admit the first two sentences of this paragraph and admit that EMTs completed reports of their evaluation of Plaintiff.  However, the MPD Defendants refer the Court to the reports as the best evidence of their contents and deny any inconsistent characterizations in this paragraph.

71. The MPD Defendants acknowledge the existence of the report described in this paragraph but refer the Court to the document as the best evidence of its contents and deny any inconsistent characterizations.

72. The MPD Defendants lack sufficient information or knowledge to admit or deny that Defendant Barrett attempted to convince the EMTs to take Plaintiff to a psychiatric hospital and that the EMTs refused his request.  The MPD Defendants deny the remaining allegations in this paragraph.

73. The MPD Defendants admit that the EMTs left the scene and they did not, but deny the remaining allegations of this paragraph.

74. The MPD Defendants admit that the quoted text in this paragraph is an accurate transcription of the portions of the communications described.  The MPD Defendants deny the remaining allegations of this paragraph.

75. The MPD Defendants admit that the quoted text in this paragraph is an accurate transcription of the portions of the communications described.  The MPD Defendants deny the remaining allegations of this paragraph.

76. The MPD Officers admit that they did not act to prevent Plaintiff from being removed from her room but deny the remaining allegations of this paragraph.

77. The MPD Defendants lack sufficient information or knowledge to admit or deny the first two sentences of this paragraph. The MPD Defendants admit the last sentence of this paragraph and admit that Officer Smith called for Plaintiff to be handcuffed, that she gave instructions on how to subdue her, and that she held Plaintiff's feet. Any remaining allegations are denied.

78. Admitted.

79. The MPD Defendants admit the existence of video footage depicting the incident but refer the Court to the video as the best evidence of its contents. The MPD Defendants lack sufficient information or knowledge to deny the remaining allegations of this paragraph.

80. Admitted.

81. The MPD Defendants admit the allegations in the first sentence of this paragraph but lack sufficient information or knowledge to admit or deny the remaining allegations.

82. Admitted.

**D.     Forced Hospitalization at an In-Patient Psychiatric Facility**

83. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

84. The MPD Defendants lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

85. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

**E.     AU's Discriminatory Post-Incident Response**.

86-90. Paragraphs 86 – 90 relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

### VI    LACK OF TRAINING AND OVERSIGHT OF MPD AND AUPD CONTRIBUTED TO THE UNLAWFUL ACTIONS AGAINST MS. WHEELER

91. Denied.

92. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

93. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

94. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

95. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

96. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

97. Admitted.

98. Denied.

99. Denied.

100. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

101. This paragraph relates to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

102. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

## COUNT I: VIOLATION OF TITLE III
## OF THE AMERICANS WITH DISABILITIES ACT - 42 U.S.C. § 12101 ET SEQ.
### Against AU

103-118. Paragraphs 103 – 118 relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

## COUNT II: VIOLATIONS OF SECTION 504
## OF THE REHABILITATION ACT OF 1973 – 29 U.S.C. § 794 ET SEQ.
### Against AU

119-135. Paragraphs 119 – 135 relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

## COUNT III: VIOLATIONS OF
## D.C. HUMAN RIGHTS ACT – D.C. CODE § 2-1401.01 ET SEQ.
### Against AU

136-144. Paragraphs 136 – 144 relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

## COUNT IV: VIOLATION OF THE FOURTH AMENDMENT – UNLAWFUL ENTRY
### Against All Defendants

145-156. Paragraphs 145 – 156 relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

## COUNT V: VIOLATION OF THE FOURTH AMENDMENT – UNREASONABLE SEIZURE
### Against All Defendants

157.    The MPD Defendants incorporate by reference their previous responses.

158.    The MPD Defendants acknowledge that Plaintiff asserts this count under 42 U.S.C. § 1983 against all Defendants.

159     The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond.  To the extent a response is required, the MPD Defendants deny the allegations.

160.    Admitted.

161.    The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond.  To the extent a response is required, the MPD Defendants deny the allegations.

162.    The MPD Defendants deny that Defendant Brown directed them to seize Plaintiff. The remaining allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond.  To the extent a response is required, the MPD Defendants deny the remaining allegations.

163.    The MPD Defendants deny that they seized Plaintiff.

164.    The MPD Defendants admit that they wore uniforms and carried weapons but deny the remaining allegations of this paragraph.

165.    Denied.

166.    The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond.  To the extent a response is required, the MPD Defendants deny the allegations.

167.    Denied.

168.    The MPD Defendants admit that they did not have a warrant but deny the

remaining allegations in this paragraph.

169. Denied.

170 Denied.

171. Denied.

**COUNT VI: VIOLATION OF THE FOURTH AMENDMENT – FALSE ARREST**
**Against All Defendants**

172. The MPD Defendants incorporate by reference their previous responses.

173. The MPD Defendants acknowledge that Plaintiff asserts this count under 42 U.S.C. § 1983 against all Defendants.

174. The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond.  To the extent a response is required, the MPD Defendants deny the allegations.

175. Admitted.

176. The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond.  To the extent a response is required, the MPD Defendants deny the allegations.

177. The MPD Defendants deny that Defendant Brown directed them to seize Plaintiff. The remaining allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond.  To the extent a response is required, the MPD Defendants deny the remaining allegations.

178. The MPD Defendants admit that they did not have a warrant and admit that Plaintiff was taken to the floor and placed in handcuffs while naked and carried through the hall while covered with a blanket, and that she was taken to a psychiatric facility.  The MPD Defendants deny that Plaintiff did not pose a danger to herself or to others.

179. The MPD Defendants deny that Defendant Brown directed them to seize Plaintiff. The remaining allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the remaining allegations.

180. Denied.

181. The MPD Defendants admit that Defendant Kinzer remained in the hallway while Defendants Davis and Smith assisted in the removal of Plaintiff from the apartment. The MPD Defendants deny that they violated Plaintiff's Fourth Amendment rights.

182. Denied.

**COUNT VII: FALSE IMPRISONMENT – DISTRICT OF COLUMBIA COMMON LAW**
**Against All Defendants**

183. The MPD Defendants incorporate by reference their previous responses.

184. The MPD Defendants acknowledge that Plaintiff asserts this count under District of Columbia common law.

185. Denied.

186. Denied.

187. Denied.

188. The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

189. The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

190. The allegations in this paragraph relate to parties other than the MPD Defendants, and as a result, the MPD Defendants are not required to respond. To the extent a response is required, the MPD Defendants deny the allegations.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

### COUNT VIII: ASSAULT – DISTRICT OF COLUMBIA COMMON LAW
**Against All Defendants**

196. The MPD Defendants incorporate by reference their previous responses.

197. The MPD Defendants acknowledge that Plaintiff asserts this count under District of Columbia common law against all Defendants.

198. Denied.

199. Denied.

200. Admitted.

201. The MPD Defendants lack sufficient information or knowledge to admit or deny the allegations in this paragraph.

202. The MPD Defendants deny that they committed the tort of assault.

203. Denied.

204. Denied.

205. Denied.

### COUNT IX: TRESPASS – DISTRICT OF COLUMBIA COMMON LAW
**Against All Defendants**

206-214.  The Court granted summary judgment to the MPD Defendants as to Count IX, and as a result, a response is not necessary.

### RELIEF REQUESTED

215-225. The MPD Defendants deny that Plaintiff is entitled to relief, including the relief specified in paragraphs 215 – 225.

Further answering, Defendants deny any allegation not specifically admitted or otherwise answered.

### Third Defense

At all relevant times, the MPD Defendants acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

### Fourth Defense

Plaintiff may have failed to mitigate her damages.

### Fifth Defense

Plaintiff's claims may be barred by the doctrines of collateral estoppel and res judicata.

### Sixth Defense

The MPD Defendants, have performed their obligations, if any, toward Plaintiff in accordance with all applicable statutory, regulatory, constitutional, and common-law requirements.

### Eighth Defense

Plaintiff may have failed to comply with D.C. Code § 12-309.

### Ninth Defense

If Plaintiff was damaged as alleged in the Complaint, said damages were not proximately caused by the MPD.

### Tenth Defense

Plaintiff's claim may be barred by the applicable statute of limitations.

### Eleventh Defense

The MPD Defendants are protected by the doctrine of qualified immunity.

### Twelfth Defense

If Plaintiff was injured or damaged as alleged in the Amended Complaint, such injuries or damages were the result of a person or persons other than the MPD Defendants.

### Jury Demand

The MPD Defendants hereby demand a trial by jury.

### Reservation of Rights

Defendants reserve the right to amend this Answer by adding or withdrawing defenses should facts learned in discovery so warrant.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendants urge the Court to dismiss the Complaint with prejudice and award costs and any other relief deemed appropriate by the Court.

Date: February 11, 2022          Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

/s/ Matthew R. Blecher
MATTHEW R. BLECHER [1012957]
Acting Chief, Civil Litigation Division, Section III

/s/ Robert A. DeBerardinis, Jr.
ROBERT A. DEBERARDINIS, JR. [335976]
Senior Assistant Attorney General

>Civil Litigation Division
>400 6th Street, NW
>Washington, D.C. 20001
>Phone:  (202) 724-0360
>Fax:  (202) 741-8895
>*Counsel for Defendants Stephen Kinzer, Deborah Smith, and Richard Davis*