UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GIANNA WHEELER,                                  :
                                                 :
                Plaintiff,              :   Civil Action No. 1:20-cv-2735-CRC
                                                 :
v.                                               :
                                                 :
AMERICAN UNIVERSITY *et al.*,                    :
                                                 :
                Defendants.            :
                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## JOINT RULE 16.3 REPORT

Plaintiff Gianna Wheeler ("Plaintiff") and Defendants American University, Jeffrey Brown, Kevin Barrett, Michael Vena, Joseph Joyner, and Matthew Gomez ("the AU Defendants"), along with Stephen Kinzer, Deborah Smith, and Richard Davis, III ("the MPD Defendants") (collectively, "the parties"), having conferred by telephone and electronic mail, hereby submit the following Joint Rule 16.3 Report.

### PRELIMINARY STATEMENT

This is a civil action brought under the United States Constitution; 42 U.S.C. § 1983; Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq*.; the District of Columbia Human Rights Act, D.C. Code § 2-1401 *et seq*.; and the common law of the District of Columbia, by Plaintiff seeking relief for alleged violations of her Constitutional, statutory, and common law rights. Plaintiff alleges that the AU Defendants unlawfully discriminated against her based on her disability in violation of her rights under the Americans with Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.), the Rehabilitation Act of 1973 (29 U.S.C. § 794 et seq.), the D.C. Human Rights Act (D.C. Code § 2-1401.01 et seq.). Plaintiff further alleges that the AU and MPD Defendants unlawfully

seized and detained her in violation of the United States Constitution, and the common law of the District of Columbia. This action seeks monetary damages and injunctive and declaratory relief.

**PLAINTIFF'S STATEMENT OF THE CASE**

This case concerns a troubling sequence of unlawful, discriminatory, and harmful actions taken against Plaintiff Gianna Wheeler by the AU and MPD Defendants on September 26, 2019, and by the AU Defendants during the weeks that followed. On September 26, 2019, Ms. Wheeler, a student at American University, visited an on-campus academic building to speak with a professor whom she ultimately was unable to locate. During the sixteen minutes she was in the building, she spoke with another student in an attempt to find the professor and spoke with one of her professor's colleagues.

Supposedly as a result of those interactions, the AU Defendants placed Ms. Wheeler on interim suspension—without further investigation and before speaking with Ms. Wheeler—and conditioned her return to campus upon her submission to an evaluation by a psychologist of AU's choosing, the provision of her medical records to the psychologist, and her authorization to the psychologist to share the results of the evaluation with AU personnel. The AU Defendants took these actions on the basis of Ms. Wheeler's mental health disabilities in violation of Title III of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and the D.C. Human Rights Act.

Approximately three hours after suspending Ms. Wheeler and without informing her of her interim suspension, AU ordered AU Defendants Captain Kevin Barrett, Lieutenant Michael Vena, Officer Joseph Joyner, and Officer Matthew Gomez ("the AUPD officers") to Ms. Wheeler's apartment to involuntarily hospitalize her, making the unfounded determination—before even speaking with her—that she posed an imminent threat to herself or others. The AUPD officers

requested assistance from the Metropolitan Police Department who sent the MPD Defendants. The AUPD officers and MPD Defendants proceeded to occupy Ms. Wheeler's apartment and the hallway outside of it for three hours despite her calm demeanor and insistence that she was not going to harm herself or anyone else. Despite concerns voiced by the MPD Defendants and AUPD Officer Joyner that there was no basis for an involuntary hospitalization, and the EMTs' assessment that Ms. Wheeler did not need to be hospitalized involuntarily, the MPD Defendants and the AUPD officers (except for Officer Joyner, who had since departed the scene) proceeded to pin Ms. Wheeler to the floor, bind and handcuff her, and forcibly carry her out of her apartment in a blanket. In so doing, the MPD Defendants and the AU Defendants violated Ms. Wheeler's Fourth Amendment right against unreasonable seizure, a claim which Ms. Wheeler asserts under 42 U.S.C. § 1983, and committed common law false imprisonment. The MPD Defendants and the AU Defendants other than Officer Joyner also violated Ms. Wheeler's Fourth Amendment right against false arrest, a claim that Ms. Wheeler similarly asserts under 42 U.S.C. § 1983, and committed common law assault.

Ms. Wheeler requests declaratory, injunctive, and monetary relief, including attorney's fees, as a result of the harms she suffered due to the AU Defendants' and MPD Defendants' actions.

**AU DEFENDANTS' STATEMENT OF THE CASE**

On September 26, 2019, the AU Defendants responsibly, reasonably, and lawfully responded to a serious on-campus incident involving an alleged assault by Plaintiff Gianna Wheeler against another AU student. On the day of the incident, Plaintiff Wheeler entered a secure biology laboratory on campus, an area where she was not supposed to be, and Plaintiff proceeded to yell at the student about how she felt she was being bullied by other unidentified students in an

Environmental Sciences class. Plaintiff also yelled about how she believed American University was tracking her and reading her emails.

The student, who did not know Plaintiff, attempted to help her. However, Plaintiff became increasingly agitated, aggressive, and hostile toward the student—to the point where Plaintiff physically backed the student into a corner while threatening to get "the sharp from her bag." After Plaintiff placed her hand on the student's shoulder without her consent, the student sent numerous "help me" text messages to another student working in the laboratory.

Despite her fear, the student suggested that if Plaintiff felt she was being bullied, she should go to the Dean of Students Office for help. Plaintiff refused. Plaintiff then told the student that Plaintiff knew who she was because she saw the student with the alleged bullies. At that time, the student told Plaintiff that it was time for Plaintiff to leave. Plaintiff eventually left the laboratory, but not before telling the student three times, "I know where to find you."

The student felt so frightened by Plaintiff's aggressive, menacing, and threatening behavior and what Plaintiff may do to herself or other students that she went to the AU Police Department and completed a written report. AUPD investigated the incident, which included a detailed interview with the student about the incident. Based on its investigation, AUPD classified the incident as Simple Assault and Threats to do Bodily Harm, which are crimes in the District of Columbia. AUPD also provided images of the alleged perpetrator to the Dean of Students so that she may be identified.

The Dean of Students identified Gianna Wheeler as the perpetrator—an AU student with an extensive history of suicidal thoughts, ideations, and behavior. During its investigation, the Dean of Students independently received information early in the afternoon that an AU professor met with Plaintiff around the time of the incident and that she appeared "manic," "upset," and

4

"rambling." Professor Knee also reported that Plaintiff spoke about "cutting" herself and her suicidal ideations. Professor Knee's assistant, who also witnessed Plaintiff's behavior, reported that Plaintiff made her fear for her safety.

The Dean of Students convened a meeting about the unfolding situation. In accordance with American University policy and the Student Conduct Code, the Dean of Students placed Plaintiff on interim suspension because Plaintiff engaged in behaviors that posed a substantial and immediate threat to the campus community as well as herself. Assistant Dean of Students Michele Espinosa twice attempted to call Plaintiff on her cellphone to check on her and to tell Plaintiff that she was on interim suspension because of the incident, but Plaintiff could not be reached. As result, and out of concern for Plaintiff's safety and for the safety of other members of the campus community, the Dean of Students determined that AUPDs should go to Plaintiff's student apartment to do a welfare check.

The AUPDs were led by Crisis Intervention Team coordinator, Capt. Kevin Barrett. Capt. Barrett has years of experience in crisis intervention and in responding to incidents like the one described above. He also personally developed AU's CIT program. He personally trains MPD, FBI, Capitol Police, and other professional law enforcement personnel in crisis intervention and how to respond to mental health-related incidents.

AUPD arrived at Plaintiff's student apartment at Frequency Apartments at about 7:00pm to perform the welfare check. Because Frequency Apartments includes student and non-student housing, and AUPD only has jurisdiction over student housing in the building, MPD also responded for the welfare check. Upon arrival, out of concern for Plaintiff's condition, her behavior, and pursuant to Plaintiff's executed Housing & Residence Life License Agreement, the AUPDs and MPDs carefully entered Plaintiff's student apartment to do the welfare check.

Plaintiff exhibited aggressive and hostile behavior toward the AUPD officers, which included swearing at the officers, exposing herself to them, and moving toward her window to the point that the officers believed she may attempt to hurt herself. Based on his training, experience, and observations, Capt. Barrett determined that Plaintiff should be evaluated and that it was not safe for Plaintiff or for other community members to leave her in her student apartment by herself. After repeated unsuccessful attempts to convince Plaintiff to voluntarily accompany the officers to the hospital for a mental health evaluation, the AUPD and MPD officers transported Plaintiff to Washington Hospital Center, after which Capt. Barrett completed an FD-12. At WHC, Plaintiff was examined by a doctor, who confirmed that Plaintiff was likely to injure herself or others if she was not hospitalized. Pursuant to an order from a DC Superior Court judge, WHC kept Plaintiff for six days for an emergency evaluation.

Pursuant to AU's policies and procedures, Plaintiff remained on interim suspension until her Student Conduct Code hearing. Plaintiff was ultimately adjudged "not responsible" at her hearing due to insufficient evidence presented during the hearing. This was because the complaining student chose not to attend due to the fact that she was intimidated by and afraid of Plaintiff and of potential backlash from Plaintiff if she were to testify about the incident. Nevertheless, in accordance with its policies and procedures, American University appropriately lifted Plaintiff's interim suspension on October 28, 2019 and cleared her to return to campus.

**MPD DEFENDANTS' STATEMENT OF THE CASE**

The MPD Defendants join the AU Defendants' Statement of the Case.

**LOCAL RULE 16.3 MATTERS**

A telephone conference between the parties was held on February 23, 2022, with the following participants: Paul Maloney and Brian O'Shea (AU Defendants' counsel), Robert

Deberardinis, (MPD Defendants' counsel), Kaitlin Banner, Margaret Hart, Debra Belott, and Maria I. Pradilla Picas (Plaintiff's counsel). The parties subsequently conferred via telephone and email on multiple occasions.

Pursuant to Local Rule 16.3, the parties report to the Court on the matters listed in Local Rule 16.3(c), as follows:

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The MPD Defendants and AU Defendants moved for summary judgment on January 8, 2021 [ECF No. 32] and April 5, 2021 [ECF No. 39] respectively, asserting that Plaintiff's claims could be disposed of by dispositive motion prior to discovery. On January 5, 2022, this Court granted in part and denied without prejudice in part the motions [ECF No. 66]. This Court granted summary judgment for all Defendants on Plaintiff's unlawful entry and trespass claims, and for MPD defendant Joseph Joyner on Plaintiff's false arrest and common-law assault claims. This Court denied without prejudice the motions as to all other claims. The Parties agree that the case is not likely to be disposed of by further dispositive motions prior to discovery.

**2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

At this time, the parties do not intend to amend the pleadings or join additional parties. The parties agree that some factual and legal issues can likely be agreed upon or narrowed through discovery.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that the case should not be assigned to a magistrate judge for all purposes.

**4.     Whether there is a realistic possibility of settling the case.**

The parties are currently discussing the possibility of settling the case and believe that the case would benefit from the Court's ADR procedures. Counsel have discussed ADR with their clients and request that the Court appoint a mediator. Plaintiff is willing to delay discovery for a short period of time if a mediator can be appointed.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

See response to Question 4.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties agree that dispositive motions, including summary judgment motions to the extent they are allowed, will be due by March 24, 2023, that oppositions will be due April 14, 2023, and replies will be due April 21, 2023. Plaintiff takes the position that each party should be entitled to file *only one* summary judgment motion and that Defendants already filed their summary judgment motions on January 8, 2021 [ECF No. 32] and April 5, 2021 [ECF No. 39], and therefore have no additional summary judgment motions available to them. The AU and MPD Defendants disagree and intend to move for summary judgment by the deadline. For the purpose of scheduling, however, Plaintiff agrees with the dates above.

**7.     Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

**Plaintiff's Position**

Plaintiff and the MPD Defendants take the position that the initial disclosures should be made by each party as dictated by Federal Rule of Civil Procedure 26(a)(1) by April 12, 2022. The

AU Defendants attempted to circumvent the discovery procedures to which Plaintiff is entitled by attaching to their summary judgment motions hundreds of pages of documents that happen to mention some witnesses. Federal Rule of Civil Procedure 26(a)(1) requires a party to provide, among other things, the name of *each* individual likely to possess discoverable information and copies of *all* documents in the party's possession that may be used to support its case. Neither the AU Defendants nor the MPD Defendants have indicated that this information is included in their previously-filed documents, and Plaintiff does not believe that it is. Plaintiff respectfully submits that the AU Defendants summary judgment motions that happen to include some witness information are inadequate substitutes for the discovery required by the Federal and Local Rules.

**AU Defendants' Position**

As Plaintiff and the Court is aware, the AU Defendants provided Plaintiff with hundreds of pages of documents and witness affidavits with their Motion for Summary Judgment that identified the witnesses in this case. Therefore, requiring initial disclosure from the AU Defendants would not result in the identification of any additional witnesses who would be relevant in this case. Furthermore, the AU Defendants did not attempt to **"circumvent the discovery procedures"** of this Court. No Rule precludes the AU Defendants from moving for summary judgment at the outset and the AU Defendants had and still have a good faith belief that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

**8.     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties request that fact discovery close on September 16, 2022, and all discovery close on February 24, 2023.

The parties agree that discovery and production of confidential information shall be governed by the protective order filed on February 8, 2021, subject to the amendment discussed in section 10 below. The parties anticipate taking depositions and propounding written discovery. They agree that the complexity of the facts and legal issues relating to Plaintiff's allegations against Defendants warrant designation of this case as complex. With regards to interrogatories, the parties have agreed to the dates and deadlines set forth in the Proposed Scheduling Order. (**Exhibit 2**).

The parties agree that service of all discovery requests, expert disclosures, and delivery of all productions and correspondence in this matter will be made by e-mail, except when the volume of attachments or files requires delivery by other means.

The parties have not reached an agreement as to the number of depositions each party should be allowed to take.

**Plaintiff's Position**

Plaintiff proposes each side be allowed to take fifteen depositions, not including expert witness depositions. There are nine Defendants and at least six additional non-defendant individuals who witnessed or participated in the events leading to Plaintiff's seizure. Plaintiff therefore takes the position that her proposed limitation is a reasonable number that will allow her to depose the non-expert witnesses who possess relevant information but will also prevent cumulative or duplicative depositions.

**AU Defendants' Position**

Discovery should be limited to the ten depositions permitted by FRCP 30. Ten depositions is sufficient for Plaintiff to depose the material fact witnesses with discoverable information in this case. To allow more than the ten depositions would result in cumulative testimony and would be unduly burdensome to the AU Defendants.

**MPD Defendants' Position**

Given the number of Defendants, the MPD Defendants do not object to 15 depositions.

9. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties agree that, subject to objection, the Office of the Attorney General for the District of Columbia will respond to any of Plaintiff's discovery requests seeking information in the possession of the Metropolitan Police Department. Plaintiff need not serve a separate subpoena on the Metropolitan Police Department but must serve a subpoena upon the Office of Police Complaints.

The parties agree that discovery of electronically stored information ("ESI") will be necessary. Under Rule 26(f)(3)(C), the Parties hereby submit a proposed Joint Discovery Plan and Report (ESI Protocol) as **Exhibit 1** and agree this document adequately addresses all ESI discovery issues presently anticipated by the parties.

10. **Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Court entered a Protective Order filed on February 8, 2021, that addresses the inadvertent disclosure of privileged material. In addition, **Exhibit 1** proposes a process for service of privilege logs. The parties agree that these documents adequately address any privilege issues presently anticipated by the parties.

Plaintiffs and MPD Defendants agree that the Protective Order should be amended to allow the body-worn camera footage recorded and provided by the MPD Defendants to be made public, but that the identities and depictions of third parties in the footage should be redacted. The AU

Defendants' position is that all the body-worn camera footage in this case be kept confidential and not be made public at this stage of the proceeding.

11.     **Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The parties agree the exchange of expert witness reports and information shall occur by the dates set forth in their Proposed Scheduling Order. They anticipate taking depositions of experts and agree to do so by the close of all discovery.

12.     **In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This is not a class action, so this matter is inapplicable.

13.     **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Plaintiff and the AU Defendants believe that neither trial nor discovery should be bifurcated.  The MPD Defendants believe that the discrimination claims against the AU Defendants should be bifurcated for purposes of trial.

14.     **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose the pretrial conference be scheduled for 30 days after the Court rules on any dispositive motions.

15.     **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the Court set the trial date at the pretrial conference.

16.     **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

There are no other matters the parties believe should be addressed at this time.

Dated: March 22, 2022                                                     Respectfully submitted,

*/s/ Kaitlin R. Banner*                                                              */s/ Debra R. Belott*
Kaitlin R. Banner (D.C. Bar No. 1000436)            Debra R. Belott (D.C. Bar No. 993507)
Dennis A. Corkery (D.C. Bar No. 1016991)         Ariel Volpe (D.C. Bar No. 888324780)
Margaret Hart (D.C. Bar No. 1030528)                JONES DAY
WASHINGTON LAWYERS' COMMITTEE            51 Louisiana Ave., N.W.
FOR CIVIL RIGHTS AND URBAN AFFAIRS       Washington, DC 20001
700 14th Street, N.W., Suite 400                              Phone: (202) 879-3689
Washington, DC 20005                                               Fax: (202) 626-1700
Phone: (202) 319-1000                                               *dbelott@jonesday.com*
Fax: (203) 319-1010
*kaitlin_banner@washlaw.org*

*Counsel for Plaintiff Gianna Wheeler*

*/s/ Alicia M. Cullen*                                                        */s/ Robert A. Deberardinis, Jr.*
Alicia M. Cullen [1015227]                                        ROBERT A. DEBERARDINIS, JR
Chief, Civil Litigation Division, Section III             [335976]
                                                                                           Senior Assistant Attorney General
Karl A. Racine                                                                Civil Litigation Division
Attorney General for the District of Columbia    400 6th Street, NW
                                                                                           Washington, D.C. 20001
Chad Copeland                                                              Phone: (202) 724-6642
Deputy Attorney General                                            Email: robert.deberardinis@dc.gov
Civil Litigation Division

*Counsel for Defendants Richard Davis Stephen Kinzer, and Deborah Smith*

13

*/s/ Paul J. Maloney*_____
Paul J. Maloney
Matthew D. Berkowitz
Brian M. O'Shea
Carr Maloney P.C.
2020 K Street, NW, Suite 850
Washington, D.C. 20006
202-310-5500 (Telephone)
202-310-5555 (Facsimile) mattew.berkowitz@carrmaloney.com
paul.maloney@carrmaloney.com
brian.o'shea@carrmaloney.com

*Counsel for American University, Jeffrey Brown, Kevin Barrett, Michael Vena and Joseph Joyner*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

GIANNA WHEELER,

                Plaintiff,

v.

AMERICAN UNIVERSITY, JEFFREY BROWN, KEVIN BARRETT, MICHAEL VENA, JOSEPH JOYNER, STEPHEN KINZER, DEBORAH SMITH, RICHARD DAVIS, III, and MATTHEW GOMEZ,

                Defendants.

Civil Action No. 1:20-cv-2735-CRC

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# [PROPOSED] SCHEDULING ORDER

Upon consideration of the Parties' Joint Rule 16.3 Meet and Confer Statement, it is hereby

ORDERED that:

1. Discovery in this case shall proceed according to the following schedule:

| | |
|---|---|
| Rule 26(a)(1) Initial Disclosures  [disputed by the parties as outlined above] | April 12, 2022 |
| Fact Discovery Closes | September 16, 2022 |
| Plaintiff's Expert Designations | October 14, 2022 |
| Defendants' Expert Designations | December 2, 2022 |
| Rebuttal Expert Designations | January 6, 2023 |
| All Discovery Closes | February 24, 2023 |
| Summary Judgment Motions  [disputed by the parties as outlined above] | March 24, 2023 |

2

| | |
|---|---|
| Oppositions to Summary Judgment Motions | April 14, 2023 |
| Replies to Summary Judgment Motions | April 21, 2023 |
| Pretrial Conference | 30 days after the Court rules on any dispositive motions |
| Trial | To be set by the Court at the pretrial conference |

**SO ORDERED.**

Dated: _____

                                                        CHRISTOPHER R. COOPER
                                                        United States District Judge